UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marilyn Williams, | Case No. 21-cv-1186 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| BHI Energy I Power Services LLC, | |
| Defendant. | |

This matter concerns two discovery disputes between Plaintiff Marilyn Williams and Defendant BHI Energy I Power Services LLC ("BHI") in Ms. Williams's employment discrimination lawsuit against BHI. Ms. Williams filed a motion to compel seeking to have BHI produce all written communications with Xcel Energy or their counsel. [Pl.'s Mot. to Compel, Dkt. No. 66.] BHI also filed a motion to compel seeking to have Ms. Williams produce a settlement agreement she previously entered into with Total Life Changes LLC ("TLC"). [Def.'s Mot. to Compel, Dkt. No. 70.] United States Magistrate Judge David T. Schultz granted both motions and ordered production of the documents in question. [*See* Orders, Dkt. Nos. 81, 82.] Ms. Williams and BHI both filed objections to Judge Schultz's orders.

When parties object to a non-dispositive pretrial order entered by a magistrate judge, this Court gives deferential review, only modifying or setting aside "any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Local Rule 72.2(a)(3); 28 U.S.C. § 636(b)(1)(A). A ruling by a magistrate judge is clearly erroneous "when the reviewing court is left with the definite and firm conviction that a mistake has

1

been committed." *Smith v. Bradley Pizza, Inc.*, No. 17-cv-02032 (ECT/KMM), 2019 WL 2448575, at *7 (D. Minn. June 12, 2019). A ruling is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* Based on the Court's careful review of the orders, objections, and record in this case, it finds that Judge Schultz's discovery orders are neither clearly erroneous nor contrary to law.

## I. Background

Ms. Williams was employed by BHI and was working for one of its clients, Xcel Energy, when she was randomly selected for a drug test. [Compl. ¶ 1, Dkt. No. 1.] Her test came back positive for THC. [*Id.* ¶ 2.] Ms. Williams alleges that BHI fired her without providing an opportunity to explain herself or appeal the test results in violation of the Minnesota Drug and Alcohol Testing in the Workplace Act. [*Id.* ¶¶ 5–7.] Ms. Williams alleges that she failed the test because she had consumed a weight-loss hemp tea that falsely purported to be free of THC. [*Id.* ¶¶ 25, 35.] Ms. Williams sued the distributor of the tea, TLC, for consumer fraud, unlawful trade practices, and false advertising. [Pl.'s Obj. to Order on Mot. to Compel, Dkt. No. 89.] She entered a settlement agreement with the distributor that contains a confidentiality provision. [*Id.*] BHI seeks to have Ms. Williams produce the settlement agreement in this lawsuit. After a hearing on the motion, Judge Schultz granted the motion to compel in part and ordered Ms. Williams to provide the settlement agreement to his chambers so that he could review it *in camera*. [*See* Order, Dkt. No. 81.] After *in camera* review, Judge Schultz held that the settlement agreement was relevant and discoverable and ordered it be produced subject to certain conditions to protect its confidentiality. [Order, Dkt. No. 82.]

The second discovery issue concerns communications between BHI and Xcel. As part of discovery, Ms. Williams requested all documents relating to communications with Xcel that refer to this case. [Pl. Mem. in Support of Mot. to Compel 3, Dkt. No. 69.] BHI produced a declaration from an Xcel executive, James Connor, as part of this request. [*Id.* at 4.] Mr. Conner subsequently testified at a deposition that his counterpart at BHI contacted him to request the declaration and that BHI's outside counsel corresponded with individuals at Xcel and its outside counsel regarding the declaration. [*Id.*] Ms. Williams alleges that BHI told Mr. Conner what to say in his declaration and seeks to have BHI produce all written communications between individuals at BHI or its counsel and individuals at Xcel or its counsel relating to the declaration. [*See generally id.*] After a hearing, Judge Schultz granted Ms. Williams's motion and ordered that the written communications with Xcel be produced. [Order, Dkt. No. 81.]

## II. Analysis

### A. Settlement Agreement

Ms. Williams objects to the order requiring her to produce the settlement agreement with TLC, arguing that it is not relevant. This argument was made to and considered by Judge Schultz. This Court finds no error in Judge Schultz's determination, after *in camera* review, that the settlement agreement is discoverable.

Relevance is afforded a broad interpretation at this stage, and the party seeking to compel production needs only to make "[s]ome threshold showing of relevance." *Zean v. eFinancial, LLC*, No. 19-cv-2958 (NEB/TNL), 2021 U.S. Dist. LEXIS 83805, at *7 (D. Minn. May 3, 2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

After an initial showing of relevance has been made, the burden shifts to the opposing party to establish why the discovery in question should not be produced. *Id.*

BHI contends that the settlement agreement is relevant to the calculation of damages in this case. BHI specifically contends that the releases, terms, and claims in the agreement provide insight into the valuation of Ms. Williams's emotional distress claims. Although Judge Schultz commented at the hearing that this argument may be "a bit of a stretch," [*see* Pl. Objections 6, Dkt. No. 89], he nevertheless concluded that the settlement agreement was relevant after reviewing all of its terms *in camera*. Given the broad understanding of relevance at the discovery stage and the low threshold the requesting party needs to satisfy, Judge Schultz's determination is not clearly erroneous or contrary to law. Courts have ordered production of settlement agreements for similar reasons. *See, e.g.*, *Zean*, 2021 U.S. Dist. LEXIS 83805, at *10 (finding the terms of the settlement to be relevant to the "defense of the allegations against [defendants], as well as damages calculations").

Ms. Williams argues that the amount she received from TLC is not relevant to her damages claims against BHI because of the common law collateral source doctrine. *See Swanson v. Brewster*, 784 N.W.2d 264, 269 (Minn. 2010) ("Accordingly, under the common-law collateral-source rule a tort plaintiff may receive more than the actual compensation amount—essentially a "double recovery"—because the tortfeasor must pay the entire compensation amount regardless of other compensation sources.) The doctrine's evidentiary component "bars *admission* of evidence of the existence of the collateral source or the receipt of such benefits as irrelevant to the issue of damages, and liable to be misused by the jury." *Id.* (emphasis added). But because relevance for discoverability is broader than relevance for

4

admissibility, *see* Fed. R. Civ. P. 26(b), this Court agrees with Judge Schultz that for the purposes of *discoverability*, BHI has met its threshold showing of relevance. BHI's motion only concerns production. Accordingly, nothing in this order nor Judge Schultz's order shall be construed as a conclusion on the admissibility of the settlement agreement.

The Court denies Ms. Williams's alternative requests to order Judge Schultz to provide the basis for the document's relevance or to order that the amount of the settlement be redacted from production. Moreover, it finds the numerous protections put in place by Judge Schultz to be sufficient to protect the confidentiality of the Settlement Agreement. *See, e.g.*, *Wright v. Farouk Sys., Inc.*, No. 3:09-CV-92-JTC, 2010 WL 11597147, at *1 (N.D. Ga. Mar. 25, 2010) (concluding that "a protective order offers a sufficient guarantee of the document's confidentiality"); *Gaedeke Holdings VII, Ltd. v. Mills*, No. CIV-11-649-M, 2015 WL 3440222, at *2 (W.D. Okla. May 27, 2015) (finding that "any issues regarding confidentiality will be adequately protected by the attorneys-eyes-only" designation).

### B. Written Communications With Xcel Energy

BHI makes two objections to Judge Schultz's order requiring it to produce all written communications with individuals at Xcel or Xcel's counsel. First, BHI claims that Judge Schultz erred by concluding that BHI had abandoned its claim that the work product doctrine applied to its communications with Xcel. This objection is readily rejected. Ms. Williams attached the hearing transcript to her objections and cited the transcript in her response to BHI's objection. At the hearing, Judge Schultz said he understood BHI to be abandoning its claim of the work product doctrine, and BHI agreed:

> THE COURT. [A]t this point I think the way I understand it is that you are asserting attorney-client communication – or

5

> attorney-client privilege through the common interest doctrine, or the application of the common interest doctrine, but not – you're not pressing attorney work product anymore. Am I correct in assuming that?
>
> MR. LONG-DANIELS. Yes, Your Honor.

[Hr'g Transcript 11, Pl.'s Objections, Dkt. No. 89-1.] The Court is unable to find error, clear or otherwise, in Judge Schultz's conclusion that BHI abandoned its argument based on the work product doctrine.

Second, BHI objects to Judge Schultz's determination that the common interest doctrine does not apply to its communications with Xcel. The common interest doctrine is an exception to waiver of the attorney client privilege in a situation where a party discloses otherwise privileged information to a third-party with which it shares a common interest. *Ploen v. AIG Specialty Ins. Co.*, No. 21-CV-2248 (PJS/JFD), 2022 WL 2208328, at *6 (D. Minn. June 21, 2022), *aff'd*, No. 21-CV-2248 (PJS/JFD), 2022 WL 4533800 (D. Minn. Sept. 28, 2022). In granting Ms. Williams's motion to compel, Judge Schultz reasoned that the doctrine does not apply because BHI and Xcel do not share a common legal interest. BHI objects, contending that Judge Schultz erred in concluding that there was no chance Xcel could be brought into this litigation, and that the common interest can be factual or strategic and does not necessarily need to be legal. Both contentions fail to convince this Court that Judge Schultz's order is clearly erroneous or contrary to law.

Judge Schultz did not err in concluding that there was no chance for Xcel to be brought into this litigation as a party. The deadline for amending the pleadings has come and gone, and Ms. Williams has expressly disclaimed any intent to add Xcel as a party, noting

that a claim against Xcel under Minnesota's Drug and Alcohol Testing in the Workplace Act would be preempted by federal regulations.  [Pl.'s Resp. to Def.'s Objections 3, Dkt. No. 93.]

Nor did Judge Schultz clearly err in interpreting the common interest doctrine to require the shared interest to be legal.  This Court is aware that within this district, there is a split in how broadly to interpret the common interest doctrine and whether to limit it to a common legal interest.  *Compare, e.g.*, *Ploen v. AIG Specialty Ins. Co.*, No. 21-cv-2248 (PJS/JFD), 2022 U.S. Dist. LEXIS 109189, at *12-13 (D. Minn. June 21, 2022) (explaining that the common interest must be a "common legal, rather than commercial, interest") *with Safco Prod. Co. v. Welcom Prod., Inc.*, No. CV 08-4918 (JRT/JJG), 2010 WL 11252007, at *2 (D. Minn. Feb. 10, 2010) (holding that the common interest "may be legal, factual, or strategic").

This split appears to stem from a line in a quite dated Eighth Circuit case in which it commented that the interest supporting the common interest doctrine may be "either legal, factual, or strategic in character."  *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997). Despite this somewhat broad language, the Eighth Circuit went on to hold that the common interest doctrine did not apply to communications involving then-First Lady Hillary Clinton and attorneys representing the White House regarding the Whitewater investigation conducted by the Office of Independent Counsel ("OIC").

Without deciding whether the common interest doctrine is limited to a shared legal interest, this Court holds that Judge Schultz's order concluding that it is fails to be clearly erroneous or contrary to law.  This Court is not left with a "firm conviction that a mistake has been committed," *Smith*, 2019 WL 2448575, at *7, because many courts have applied the narrower interpretation of the common interest doctrine to require a shared legal interest,

especially recently. *E.g.*, *Ploen*, 2022 U.S. Dist. LEXIS 109189, at *12-13 (D. Minn. June 21, 2022); *United States v. Gaston*, No. CR 19-211 (JRT/BRT), 2021 WL 1320479, at *2 (D. Minn. Apr. 8, 2021); *see also Energy Pol'y Advocs. v. Ellison*, 980 N.W.2d 146, 153 (Minn. 2022) (agreeing that the common interest doctrine is limited to parties with a "common *legal* interest" and that "a purely commercial, political, or policy interest is insufficient"). By following this line of authority, Judge Schultz did not clearly err.

Further, although the Eighth Circuit described a broad rule in *In re Grand Jury Subpoena Duces Tecum*, it applied a narrow one. It rejected the shared factual and strategic interests put forth by Mrs. Clinton and the White House, and provided two reasons for doing so. *Subpoena Duces Tecum*, 112 F.3d at 922–23. It first concluded that "Mrs. Clinton's interest in the OIC's investigation is, naturally, avoiding prosecution," and that the White House had no interest *in the investigation* that "corresponds to Mrs. Clinton's personal interest." *Id.* at 922. Second, it explained that the OIC is "investigating the actions of individuals" and therefore the "investigation can have no legal, factual, or even strategic effect on the White House as an institution." *Id.* at 923. Examining the Eighth Circuit's decision, not just its broad statement of the doctrine, suggests that while the character of the interest can be factual or strategic in nature, the parties seeking the protections of the common interest doctrine must have some shared interest in the underlying legal or quasi-legal matter.

The Eighth Circuit has not revisited the line of dicta that BHI quotes since 1997, nor has it addressed the growing number of courts in this circuit interpreting the common interest doctrine to require a shared legal interest. *See, e.g.*, *Golden v. Stein*, No. 4:18-cv-00331-JAJ-CFB, 2020 WL 13553710, at *12 (S.D. Iowa Apr. 14, 2020); *Progressive Cas. Ins. Co. v.*

*F.D.I.C.*, 49 F. Supp. 3d 545, 558 (N.D. Iowa 2014); *Com. Bank v. U.S. Bank Nat'l Ass'n,* No. 4:13-CV-00517-BCW, 2015 WL 9488395, at *2 (W.D. Mo. Aug. 18, 2015); *Green Edge Enters., LLC v. Rubber Mulch, LLC*, No. 4:02CV566TIA, 2006 WL 2623855, at *1 (E.D. Mo. Sept. 12, 2006). For all of these reasons, Judge Schultz did not err in rejecting the broad factual interest BHI allegedly shared with Xcel in "staffing competent, trustworthy, successful employees" to hold that the common interest doctrine did not apply. [Def.'s Objections 4, Dkt. No. 88.]

### III. Order

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Judge Schultz's order granting Plaintiff's Motion to Compel [Dkt. No. 81] is **AFFIRMED** and Defendant's objections are **OVERRULED.**

2. Judge Schultz's order granting Defendant's Motion to Compel [Dkt. No. 82] is **AFFIRMED** and Plaintiff's objections are **OVERRULED.**

Date: December 7, 2022               *s/ Katherine Menendez*
                                     Katherine Menendez
                                     United States District Judge

9