UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marilyn Williams, | Case No. 21-cv-1186 (KMM/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| BHI Energy I Power Services LLC, | |
| Defendant. | |

Plaintiff Marilyn Williams ("Williams") brought an employment discrimination action against her former employer Defendant BHI Energy I Power Services LLC ("BHI") under the Minnesota Drug and Alcohol Testing in the Workplace Act ("DATWA"). [Compl., ECF No. 1]. While employed by BHI as a payroll specialist, Ms. Williams was randomly selected for a drug test, failed the test, and was fired that same day. [*Id.* ¶¶ 1–2, 5]. On August 24, 2023, the Court concluded that Ms. Williams's DATWA claims against BHI were not preempted by federal law, and that BHI is liable for violating subdivision 6, subdivision 10(a), and subdivision 10(b) of Minn. Stat. § 181.953. [Summ. J. Order, ECF No. 134].

BHI now moves the Court to certify three questions for interlocutory appeal. [Mot. to Certify Interlocutory Appeal, ECF No. 145]. The first is whether federal fitness-for-duty regulations apply to contractors of nuclear licensees. The second question is whether field preemption applies to DATWA with respect to contractors of nuclear licensees in the face of Nuclear Regulatory Commission ("NRC") regulations. Lastly,

BHI questions whether conflict preemption applies to DATWA under these circumstances. However, BHI has failed to satisfy the three elements required for certification of interlocutory appeal under 28 U.S.C. § 1292(b). For the reasons stated below, BHI's Motion for Certification is DENIED.

## BACKGROUND

Ms. Williams brought this action against her former employer, BHI, for terminating her immediately upon learning that her drug test came back positive for THC, without providing her with an opportunity to explain or appeal the test results. [Compl. ¶¶ 2, 5]. When notifying Williams of her termination, BHI told her it had a "zero tolerance" policy for positive drug tests, and, in its termination paperwork, BHI indicated that Williams's was terminated for "fail[ing] a random drug test by the client." [*Id.* ¶ 6].

Williams brought a state law claim against BHI for violating section 181.953 of DATWA for not giving her written notice of her right to explain the positive test, as well as the ability to identify non-illicit substances that may have impacted the test results as required under subdivision 6(b); and terminating her based on her initial positive drug test in violation of subdivision 10(a), without providing her with an opportunity to participate in drug counseling or rehabilitation in violation of subdivision 10(b). Minn. Stat. § 181.953, subds. 6(b), 10(a) & 10(b). Following extensive litigation and discovery, Ms. Williams moved for partial summary judgment on BHI's liability. [Pl.'s Mot. for Partial Summ. J., ECF No. 102]. BHI also moved for summary judgment, arguing that Ms. William's DATWA claim against her former employer was preempted by federal

law, specifically, the Atomic Energy Act. [Def.'s Mot. for Summ. J., ECF No. 108]. The Court granted partial summary judgment to Ms. Williams, finding BHI liable for violating the three previously referenced subdivisions of § 181.953. [Summ. J. Order]. As for BHI, the Court denied its motion for summary judgment, ruling that Ms. Williams's DATWA claims against BHI were not preempted by federal law. BHI now moves the Court to certify three questions for interlocutory appeal to the Eighth Circuit.

## DISCUSSION

### I.   Standard of Review

Interlocutory appeals in the federal system are generally disfavored. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (Ordinarily, unless the appeal falls within a "narrow exception," a party must await a final judgment on the merits to file an appeal). Frequent use of § 1292(b) requests would be incompatible with Congress' intention to keep the federal courts' final judgment rule in place and save interlocutory review for exceptional circumstances. *See Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotations omitted). "It has long been the policy of courts to discourage piece-meal appeals because most often such appeals often result in additional burdens on both the court and the litigants." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (cleaned up). Someone seeking interlocutory-appeal certification "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). To certify a ruling for mid-litigation appeal, a "district court must be of the opinion that

(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 377 (quotation omitted). If any of these factors are unmet, interlocutory appeal is inappropriate. Although the Court finds BHI is lacking as to all three factors, it fails the most clearly on questions two and three.

II. **Analysis**

A. **Controlling Question of Law**

The first element in assessing whether a question should be certified for interlocutory appeal under § 1292(b) is that it involves a controlling question of law. 28 U.S.C. § 1292(b). "A question of law is controlling if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation." *Varela v. State Farm Mut. Auto. Ins. Co.*, Civil No. 22-970 (JRT/DTS), 2023 WL 5021182, at *3 (D. Minn. Aug. 7, 2023) (quotation omitted).

An issue is a question of law for purposes of § 1292(b) if it is not a matter for the trial court's discretion. *White*, 43 F.3d at 377. That is, it cannot be a mixed question of law and fact. *See Fenton v. Farmers Ins. Exch.*, Civil No. 07-4864 (JRT/FLN), 2010 WL 1006523, at *2 (D. Minn. Mar. 16, 2010) ("In order for the Court to certify an order for an interlocutory appeal, there must be a controlling question of law, not merely a question of fact."). This means that "only pure questions of law may be certified for interlocutory appeal." *Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, Civil No. 08-6385 (PAM/LIB), 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (internal quotation

marks omitted). "Mixed questions of law and fact are inappropriate for such a proceeding." *Id.*

On its face, whether federal regulation preempts Williams's DATWA claim appears to be a purely legal question. However, in this case, the Court engaged in extensive consideration of the relevant facts, rendering the inquiry not one of "pure law." *See Varela*, 2023 WL 5021182, at *3 ("While it is true that the resolution of this issue depends in part on the Court's interpretation of the . . . policy, which is a matter of law, whether [Plaintiff] adequately pled a . . . claim requires application of the legal question to the facts of this specific case, which is not a matter of 'pure law.'"). In several respects, the Court analyzed the summary judgment factual record to reach its preemption decisions. Most critically, the Court addressed the relationship between Xcel Energy (a nuclear licensee) and BHI (a contractor) to reach its conclusion that BHI was not directly covered by the NRC's fitness-for-duty regulations. [ECF No. 134 at 19–23]. The Court also carefully examined the record regarding both Xcel's own procedures for drug tests in contrast to BHI's, and what happened in this case. [*Id.* at 23–26]. As such, BHI has failed to establish that the questions at issue are purely legal as contemplated by § 1292(b).

### B. Substantial Grounds for Difference of Opinion

More importantly, the Court finds that BHI fails to make a sufficient showing as to the second factor of the interlocutory appeal test. There is substantial ground for difference of opinion when the party asking for interlocutory appeal has identified "a

sufficient number of conflicting and contradictory opinions [that] provide substantial ground for disagreement." *White*, 43 F.3d at 378 (internal quotations omitted). "However, substantial ground for difference of opinion does not exist merely because there is a dearth of cases." *Id.* (citing *Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985)).

Here, the Court disagrees that there exists a substantial ground for difference of opinion with respect to the preemption questions raised by BHI in its motion. Although the Court candidly observed places at which there was less guiding authority than usual in its opinion, its analysis was firmly grounded in an extensive examination of case law. Indeed, BHI points to no aspects of the Court's decision that are contradicted by authority, binding or otherwise, and cites no authority that the Court disregarded or misunderstood. The simple reality that this case is complex or that some issues required close consideration simply does not satisfy the showing required for an interlocutory appeal.

### C. Materially Advance the Termination of the Litigation

The final element in assessing whether a question should be certified for interlocutory appeal under requires the party seeking certification of the appeal to show that an immediate appeal may materially advance the ultimate termination of litigation. 28 U.S.C. § 1292(b). The Court may find that the third element for interlocutory appeal is met "if there would be a great amount of time and expense required to proceed with litigation in comparison with the time and expense of staying the proceedings and

pursuing an immediate appeal." *Fenton*, 2010 WL 1006523, at *2. It is as to this factor that BHI makes the weakest showing of all.

Here, the Court finds that BHI has not met their burden of demonstrating that an immediate appeal will save any real time or expense. At this stage, only a damages trial remains. A motion to dismiss, full discovery, and summary judgment have already been completed. Very little is left to be done, so there is minimal efficiency in having an appeal now as opposed to following the damages finding and entry of judgment. Given the procedural stage of this litigation, this case is not one of the unique situations where the rarely used tool of interlocutory appeal should be utilized.

## CONCLUSION and ORDER

Because BHI failed to satisfy the three elements required under 28 U.S.C. § 1292(b) to certify its three questions for interlocutory appeal of the Court's August 24, 2023, Order, the Court denies BHI's Motion for Certification. Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED that** Defendant BHI Energy I Power Services LLC's Motion to Certify Interlocutory Appeal, [ECF No. 145], is **DENIED**.

Date: March 7, 2024                                   *s/Katherine Menendez*
                                                      Katherine Menendez
                                                      United States District Court